**#2400**

| United States Bankruptcy Court | Voluntary Petition |
|---|---|

**Western** _____ **District of** New York

| Name of Debtor (if individual, enter Last, First, Middle):<br>Nickerson, John S. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Nickerson, Virginia E. |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br><br>None | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br><br>None     06-20303 |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): 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 | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): 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 |
| Street Address of Debtor (No. & Street, City, and State):<br>614 Reynolds Street<br>Elmira, New York    ZIPCODE 14904 | Street Address of Joint Debtor (No. & Street, City, and State):<br>614 Reynolds Street<br>Elmira, New York    ZIPCODE 14904 |
| County of Residence or of the Principal Place of Business:<br>Chemung County, New York | County of Residence or of the Principal Place of Business:<br>Chemung County, New York |
| Mailing Address of Debtor (if different from street address):<br><br>None    ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>None    ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):    ZIPCODE | |

**Type of Debtor** (Form of Organization)
(Check **one** box.)

- ✓ Individual (includes Joint Debtors)
- Corporation (includes LLC and LLP)
- Partnership
- Other (If debtor is not one of the above entities, check this box and provide the information requested below.)

State type of entity: _____

**Nature of Business**
(Check **all** applicable boxes.)

- Health Care Business
- Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- Railroad
- Stockbroker
- Commodity Broker
- Clearing Bank
- Nonprofit Organization qualified under 15 U.S.C. § 501(c)(3)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ✓ Chapter 7
- Chapter 9
- Chapter 11
- Chapter 12
- Chapter 13
- Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- ✓ Consumer/Non-Business
- ☐ Business

**Filing Fee** (Check one box)

- ✓ Full Filing Fee attached
- Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affliates are less than $2 million.

**Statistical/Administrative Information**

- Debtor estimates that funds will be available for distribution to unsecured creditors.
- ✓ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

U.S. BANKRUPTCY COURT W.D.N.Y. - ROCHESTER

FILED 2006 MAR 15 AM 10: 13

| Estimated Number of Creditors | 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | **Name of Debtor(s):**<br>Nickerson, John S. and Virginia E. |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  NONE | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>NONE | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>X  *John R McGlenn*  3/10/06<br>Signature of Attorney for Debtor(s)          Date |

| **Exhibit C** | **Certification Concerning Debt Counseling<br>by Individual/Joint Debtor(s)** |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>☑ No | ☑ I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.<br><br>☐ I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.) |

| **Information Regarding the Debtor (Check the Applicable Boxes)** |
|---|
| **Venue** (Check any applicable box) |
| ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Statement by a Debtor Who Resides as a Tenant of Residential Property**<br>*Check all applicable boxes:* |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord) |
| ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |

FILED 2006 MAR 15 AM 10: 13 U.S. BANKRUPTCY COURT W.D.N.Y. - ROCHESTER

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Nickerson, John S. and Virginia E. |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative of a Recognized Foreign Proceedings |
|---|---|

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *John S. Nickerson*
Signature of Debtor

X *Virginia E. Nickerson*
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

Date 3/10/06

### Signature of a Foreign Representative of a Recognized Foreign Proceedings

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign main proceeding, and that I am authorized to file this petition. A certified copy of the order granting recognition is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
(Date)

U.S. BANKRUPTCY N.Y. - ROCHESTER   2006 MAR 15 AM   FILED

### Signature of Attorney

X *John R. McGlenn*
Signature of Attorney for Debtor(s)

John R. McGlenn, Esq.
Printed Name of Attorney for Debtor(s)

Buck, Danaher, Ryan and McGlenn
Firm Name 100 Baldwin Street, Suite 305-311

Address
     Elmira, New York 14901-3013

     607-734-8161
Telephone Number

3/10/06
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

Address
_____

X _____

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

# United States Bankruptcy Court
## Western District of New York

In re    <u>Nickerson, John S. & Virginia E.</u>      Case No. _____
                  Debtor

                                                            Chapter    <u>7</u>_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES
## (28 U.S.C. § 159)
## [Individual Debtors Only]

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $    0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $    0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $    0.00 |
| Student Loan Obligations (from Schedule F) | $    0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $    0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $    0.00 |
| TOTAL | $    0.00 |

The foregoing information is for statistical purposes only under 28 U.S.C § 159.

Bankruptcy2005 ©1991-2005, New Hope Software, Inc. ver 4.0.0-655 - 30393

Form 6-Summary
(10/05)

# United States Bankruptcy Court

Western _____ District Of New York _____

In re Nickerson, John S. & Virginia E. _____,
        Debtor

Case No. _____

Chapter ___7___

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities."

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 43,000.00 | | |
| B - Personal Property | YES | 3 | $ 9,557.31 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $ 87,377.03 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 2,536.45 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $ 2,100.00 |
| TOTAL | | | $ 52,557.31 | $ 87,377.03 | |

**In re** <u>Nickerson, John S. & Virginia E.</u>                ,        **Case No.** _____
                    **Debtor**                                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Single family house & lot, 614 Reynolds St., Elmira, Chemung County, NY | fee simple | J | $43,000.00 (appraisal attached) | None |

Total► $43,000.00

(Report also on Summary of Schedules.)

In re  Nickerson, John S. & Virginia E.                    ,          Case No. _____
                              Debtor                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash at debtor's residence | J | $          100.00 |
| 2. Checking, savings or other finan-cial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Acct. #135-223362 - Chemung Canal Trust Co.  $177.00; Savings Acct. #8721057802S - First Citizens National Bank      $849.05 | J | 1,026.05 |
| 3. Security deposits with public util-ities, telephone companies, land-lords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Used household furniture & furnishings, tools at debtor's residence | J | 2,635.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Used personal clothing at debtor's residence | J | 300.00 |
| 7. Furs and jewelry. | | Jewelry at debtor's residence | W | 125.00 |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Ins. policies & surrender values: 1. IntraAmerica #L608218808-$58.45; 2. IntraAmerica #M9770137134-$508.81; 3. Prudential #M5239609-$1,839.00; 4. Verizon Group Ins. payout only on death-no cash value (husband only) | W | 2,401.26 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |

In re <u>Nickerson, John S. & Virginia E.</u> ,          Case No. _____
         **Debtor**                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorpo-rated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercis-able for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Form B6B-cont.
(10/05)

In re <u>Nickerson, John S. & Virginia E.</u> , Case No. _____
   **Debtor**                **(If known)**

# SCHEDULE B -PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1996 Ford Ranger - $1,420.00 (82,751 miles); 1997 Ford Taurus - $1,310.00 (77,168 miles) | J | 2,730.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | 2005 income tax refund (anticipated) | J | 240.00 |

       __0__ continuation sheets attached  Total▶ | $  9,557.31

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

In re Nickerson, John S. & Virginia E. _____ ,  Case No. _____
                    **Debtor**                                                    **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:       ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                                   $125,000.
☑ 11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Single family house & lot, 614 Reynolds St., Elmira, NY | CPLR 5206 | $ 43,000.00 | $ 43,000.00 |
| Household furniture & furnishings | CPLR 5205(5) | 2,635.00 | 2,635.00 |
| Wearing apparel | CPLR 5205(5) | 300.00 | 300.00 |
| 1997 Ford Taurus automobile | Debtor Creditor Law Section 282(1) | 1,310.00 | 1,310.00 |
| Life insurance policies, IntraAmerica (2) and Prudential (1) | Insurance Law Section 3212 | 2,401.26 | 2,401.26 |

In re __Nickerson, John S. & Virginia E.__ __,   Case No. _____

**Debtor**   **(If known)**

## SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND A ACCOUNT NUMBER (*See Instructions Above*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| __0__ continuation sheets attached | | | Subtotal ▶ (Total of this page) | | | | $ 0.00 | |
| | | | Total ▶ (Use only on last page) | | | | $ 0.00 | |

In re <u>Nickerson, John S. & Virginia E.</u>,          Case No._____
                      Debtor                                        (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."     If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. If applicable, also report this total on the Means Test form.

✓   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

**Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

**Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

Form B6E Contd.
(10/05)

In re Nickerson, John S. & Virginia E.                    ,          Case No._____
                        Debtor                                                    (if known)


### Certain farmers and fishermen

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).


### Deposits by individuals

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).


☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).


### Commitments to Maintain the Capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).


☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).


* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.


<u>  0  </u>   continuation sheets attached

In re **Nickerson, John S. & Virginia E.** ,      Case No. _____

          **Debtor**                                                   **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 5049-9481-3228-6461<br><br>Sears Premier Card<br>P. O. Box 182149<br>Columbus, OH 43218-2149 | | H | Credit card account; incurred over a period of time for consumer transactions | | | | $ 2,088.79 |
| ACCOUNT NO. 5491-0984-0326-2743<br><br>HSBC Platinum Mastercard<br>HSBC Card Services<br>P. O. Box 17332<br>Baltimore, MD 21297-1332 | | H | Credit card account; incurred over a period of time for consumer transactions | | | | 20,320.69 |
| ACCOUNT NO. 5466-4703-0206-9969<br><br>Chase Cardmember<br>P. O. Box 15153<br>Wilmington, DE 19886-5153 | | J | Credit card account; incurred over a period of time for consumer transactions | | | | 27,272.65 |
| ACCOUNT NO. 5431-5070-6302-8056<br><br>TCM/Chemung Canal Trust Company Mastercard<br>P. O. Box 31481<br>Tampa, Florida 33631-3481 | | H | Credit card account; incurred over a period of time for consumer transactions | | | | 1,963.46 |
| | | | | | Subtotal▶ | | $ 51,645.59 |

<u>1</u>  continuation sheets attached

Total▶   $ _____
(Use only on last page of the completed Schedule F.)
( Report also on Summary of Schedules.)

In re __Nickerson, John S. & Virginia E._____,    Case No. _____
               **Debtor**                                                    **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 7824-1491-0013-8373 <br><br> HSBC Select Credit <br> HSBC Bank USA <br> P. O. Box 17332 <br> Baltimore, MD 21297-1332 | | H | Credit card account; incurred over a period of time for consumer transactions | | | | 5,682.57 |
| ACCOUNT NO. 5437-0004-8328-1047 <br><br> G M Card <br> Cardmember Services <br> P. O. Box 37281 <br> Baltimore, MD 21297-3281 | | W | Credit card account; incurred over a period of time for consumer transactions | | | | 20,304.19 |
| ACCOUNT NO. 5121-0750-1500-5403 <br><br> Sears Gold Mastercard <br> P. O. Box 182156 <br> Columbus, OH 43218-2156 | | W | Credit card account; incurred over a period of time for consumer transactions | | | | 6,522.20 |
| ACCOUNT NO. 2116-0410-0502-1556 <br><br> BonTon Card <br> Retail Services <br> P. O. Box 17264 <br> Baltimore, MD 21297-1264 | | W | Credit card account; incurred over a period of time for consumer transactions | | | | 2,244.87 |
| ACCOUNT NO. 58-533-946-8 <br><br> Kaufmann's <br> P. O. Box 94934 <br> Cleveland, OH 44101-4934 | | H | Credit card account; incurred over a period of time for consumer transactions | | | | 977.61 |

Sheet no. 2 of 2 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal▶ $ 35,731.71

Total▶ $ 87,377.03
(Use only on last page of the completed Schedule F.)
( Report also on Summary of Schedules.)

In re <u>Nickerson, John S. & Virginia E.</u> ,      Case No._____
            **Debtor**                                                     **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

✓ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

In re  Nickerson, John S. & Virginia E. ,     Case No. _____
                    **Debtor**                                        **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

✓   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

In re  Nickerson, John S. & Virginia E.          ,          Case No._____
_____
　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12, or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP:  **No dependents** | AGE: |

| **Employment:** Occupation | DEBTOR   Retired | SPOUSE   Homemaker |
|---|---|---|
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |
| **N.A.** | | **N.A.** |

INCOME: (Estimate of average monthly income)　　　　　　DEBTOR　　　　　SPOUSE

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Current monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 0.00 | $ 0.00 |
| 2. | Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. | SUBTOTAL | $ 0.00 | $ 0.00 |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes and social security | $ 0.00 | $ 0.00 |
| | b. Insurance | $ 0.00 | $ 0.00 |
| | c. Union dues | $ 0.00 | $ 0.00 |
| | d. Other (Specify): _____ | $ 0.00 | $ 0.00 |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 0.00 |
| 7. | Regular income from operation of business or profession or firm. (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. | Income from real property | $ 0.00 | $ 0.00 |
| 9. | Interest and dividends | $ 0.00 | $ 0.00 |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| 11. | Social security or government assistance (Specify):  Social Security for debtor and spouse | $ 1,004.00 | $ 446.00 |
| 12. | Pension or retirement income | $ 1,086.45 | $ 0.00 |
| 13. | Other monthly income (Specify):_____ | $ 0.00 | $ 0.00 |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | | |
| 15. | TOTAL MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 2,090.45 | $ 446.00 |

16. TOTAL COMBINED MONTHLY INCOME: $ 2,536.45

| | |
|---|---|
| $ 2,090.45 | $ 446.00 |

(Report also on Summary of Schedules.)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

None
_____

In re  Nickerson, John S. & Virginia E.                    ,          Case No._____
                    _____
                              Debtor                                                              (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 0.00 |
|     a. Are real estate taxes included?  Yes _____  No _____ | |
|     b. Is property insurance included?  Yes _____  No _____ | |
| 2. Utilities: a. Electricity and heating fuel | $ 250.00 |
|           b. Water and sewer | $ 35.00 |
|           c. Telephone | $ 15.00 |
|           d. Other _cable_____ | $ 60.00 |
| 3. Home maintenance (repairs and upkeep) | $ 125.00 |
| 4. Food | $ 700.00 |
| 5. Clothing | $ 100.00 |
| 6. Laundry and dry cleaning | $ 10.00 |
| 7. Medical and dental expenses | $ 100.00 |
| 8. Transportation (not including car payments) | $ 150.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 90.00 |
| 10. Charitable contributions | $ 85.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|        a. Homeowner's or renter's | $ 60.00 |
|        b. Life | $ 65.00 |
|        c. Health | $ 0.00 |
|        d. Auto | $ 105.00 |
|        e. Other _____ | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) _real property taxes_____ | $ 150.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|        a. Auto | $ 0.00 |
|        b. Other _____ | $ 0.00 |
|        c. Other _____ | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other _____ | $ 0.00 |
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ 2,100.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: _____

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---|
|     a. Total monthly income from Line 16 of Schedule I | $ 2,536.45 |
|     b. Total monthly expenses from Line 18 above | $ 2,100.00 |
|     c. Monthly net income (a. minus b.) | $ 436.45 |

| Debtor(s): **Nickerson, John S. & Virginia E.** | Case No.:<br>(if known) |
| --- | --- |

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **15** _____
*(Total shown on summary page plus 1.)*

sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___ 3-10-06 ___          /s/ *John S. Nickerson*
                              Signature of Debtor

Date ___ 3/10/06 ___          /s/ *Virginia E. Nickerson*
                              Signature of Joint Debtor, if any
                              [if joint case, both spouses must sign.]

-------------------------------------------------

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security No. *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

/s/ _____          _____
     Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*
-------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.          *(Total shown on summary page plus 1.)*

Date _____          Signature: /s/_____

                                              _____
                                              [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

# UNITED STATES BANKRUPTCY COURT

Western        **DISTRICT OF** New York

In re: Nickerson, John S. & Virginia E.      Case No. _____

          Debtor                                        (if known)

## STATEMENT OF FINANCIAL AFFAIRS

    This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

    Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

    *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

    *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
✓

    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

            AMOUNT                                   SOURCE

**2.  Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| H  –  $1,086.45/mo | Verizon pension |
| H  –  $1,004.00/mo | Social Security |
| W  –  $  446.00/mo | Social Security |

**3.  Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
✓

a. *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None
☑

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90** days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None
☑

c. *All debtors:*  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
✓

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
✓

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None


List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
✓

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
✓

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|
| | | | |

---

**7. Gifts**

None


List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| St. Mary's Church 224 Franklin Street Elmira, New York 14904 | None | Jan.-Dec. 2005 | tithe $1,020.00 |

---

**8. Losses**

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| | | |

---

**9. Payments related to debt counseling or bankruptcy**

None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| SEE ATTACHMENT | | |

---

**Attachment to Official Form 7**
**Statement of Financial Affairs**

No. 9.: Payments related to debt counseling or bankruptcy

| Name and Address of Payee | Date of Payment Name of Payer if Other Than Debtor | Amount of Money or Description and Value of Property |
|---|---|---|
| Consumer Credit Counseling Service of Central New York 500 South Salina Street, Suite 600 Syracuse, New York 13202 | 1/02/06 | $ 100.00 |
| Charles McCabe, IFAS, GAA 113 Leach Hill Road Pine City, New York 14871 | 11/30/05 | $ 150.00 |
| John R. McGlenn, Esq. Buck, Danaher, Ryan and McGlenn 100 Baldwin Street, Suite 305-311 Elmira, New York 14901-3013 | 2/6/06 | $ 800.00 |

**10. Other transfers**

None ✓    a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | | |
|---|---|---|
| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |

None ✓    b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

|  | | |
|---|---|---|
| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |

**11. Closed financial accounts**

None    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | | |
|---|---|---|
| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |

**SEE ATTACHMENT**

**12. Safe deposit boxes**

None     List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | | | |
|---|---|---|---|
| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |

**Attachment to Official Form 7**
**Statement of Financial Affairs**

No. 11.:  Closed financial accounts

| Name and Address of Institution | Type of Account, Last Four Digits of Account Number, and Amount of Final Balance | Amount and Date of Sale or Closing |
|---|---|---|
| Equi Serve, Inc.<br>P. O. Box 43005<br>Providence, RI  02940-3005 | Acct.  No.  - 0010<br>30 shs Verizon stock | 5/2/05 date of sale<br>$ 1,055.00<br>70 shs left |
| Computershare<br>P. O. Box 43005<br>Providence, RI  02940-3005 | Acct. No. - 0010<br>70 shs Verizon stock | 11/5/05 date of sale<br>$2,135.00<br>0 shs left |

**13. Setoffs**

None
✓

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14. Property held for another person**

None
☑ 

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15. Prior address of debtor**

None
✓

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

**16. Spouses and Former Spouses**

None
✓

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ✓  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ✓  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ✓  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ✓  a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

---

None ✓   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                         ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                   DATES SERVICES RENDERED

---

None   b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                  DATES SERVICES RENDERED

---

None   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                         ADDRESS

---

None   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                    DATE ISSUED

---

**20. Inventories**

None   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY |
|---|---|---|
| DATE OF INVENTORY | INVENTORY SUPERVISOR | (Specify cost, market or other basis) |

---

None   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

|  | NAME AND ADDRESSES OF CUSTODIAN |
|---|---|
| DATE OF INVENTORY | OF INVENTORY RECORDS |

---

**21 . Current Partners, Officers, Directors and Shareholders**

None   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS          NATURE OF INTEREST          PERCENTAGE OF INTEREST

---

None   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
☐   directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

|  |  | NATURE AND PERCENTAGE |
|---|---|---|
| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP |

---

**22 . Former partners, officers, directors and shareholders**

None   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                          ADDRESS                 DATE OF WITHDRAWAL

---

None    b.   If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None   If the debtor is a partnership or corporation, list all withdrawals or distributions creditedor given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

---

**25. Pension Funds.**

None   If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

---

\* \* \* \* \* \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  3-10-06                    Signature  *John S. Nickerson*
                                  of Debtor

Date  3/10/06                    Signature  *Virginia E. Nickerson*
                                  of Joint Debtor
                                  (if any)

---

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____              Signature _____

                                   _____
                                   Print Name and Title

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

2  continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1)  I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2)  I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____              _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No.(Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

X _____              _____
Signature of Bankruptcy Petition Preparer                                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document if the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.***

| Debtor(s): Nickerson, John S. & Virginia E. | Case No. (if known):<br><br>Chapter 7 |
|---|---|

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☐ I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

☐ I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☒ I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| None | | | | | |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| None | | |

/s/ *John S. Nickerson*  3-10-06                    /s/ *Virginia E. Nickerson*  3/10/06
Signature of Debtor          Date                    Signature of Joint Debtor (if any)          Date

------------------------------------------------------------------------------------------------------

### DECLARATION OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

_____          _____
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security No. (Required under 11 U.S.C. § 110.)
*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person or partner who signs this document.*

_____
Address
/s/_____          _____
    Signature of Bankruptcy Petition Preparer          Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 203
(12/94)

# United States Bankruptcy Court

_____ Western _____ District Of ___ New York _____

**In re**  Nickerson, John S. and Virginia E.

Case No. _____

**Debtor**

Chapter 7 _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 800.00 _____

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . $ 800.00 _____

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00 _____

2. The source of the compensation paid to me was:

   ☒ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor          ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm, except that I have paid $150.00 to another attorney for a consultation regarding certain recent changes to the Bankrutpcy Law, with my clients' permission.
   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)

d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

adversary proceedings and contested matters

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

_____3/10/06_____
Date

_____
Signature of Attorney

Buck, Danaher, Ryan and McGlenn
_____
Name of law firm

---

**Consultation Agreement**
**And**
**Acknowledgement of Receipt of Disclosures and Instructions**

This Agreement is entered into on _November 21, 2005_, by and between _JOHN S NICKERSON_ _AND VIRGINIA E. NICKERSON_, (hereinafter referred to as the "Client" whether one or more) and _JOHN R. McGLENN_ . (hereinafter referred to as the "Attorney").

Client has requested the opportunity to consult with and obtain information advice from the Attorney about obtaining relief from debts, including relief from debts by filing bankruptcy under the United States Bankruptcy Code. This agreement is for purposes of that consultation only. If at the end of the initial consultation, the parties agree that the Attorney is to provide any additional services short of being retained to file a bankruptcy, the parties shall attach an addendum to this contract setting forth the additional services the Attorney is to provide to the Client, the obligations of the Client and the Attorney's fees for such services. If the Client retains the Attorney to file a bankruptcy, the parties shall execute a separate contract setting forth the fees and other terms of such representation. With respect to the consultation, the parties agree as follows:

1. There is no fee for the initial consultation;

2. Attorney shall provide the Client with the following services:
   a. Analyze the Client's financial circumstances based on information provided by the Client;
   b. To the extent possible, based on the information provided by the Client, advise the Client of the Client's bankruptcy and non-bankruptcy options;
   c. If the Client has not provided the Attorney with sufficient information on which to fully advise the Client on the Client's options, inform the Client what information the Client needs to provide to enable the Attorney to provide such advise and information;
   d. Advise the Client of the requirements placed upon the Client to file a chapter 7 or 13 bankruptcy;
   e. To the extent possible, quote the Client an estimated fee for the Attorney's services to provide bankruptcy assistance or other legal services to the Client.

3. The Client acknowledges that the first date upon which the Attorney has offered to provide any bankruptcy assistance service is this date, and that the Attorney provided the Client with the Notice to Client Who Contemplates Filing Bankruptcy, the Statement Mandated by Section 527(b) of the Bankruptcy Code, and the Instructions on Providing Information Required to File Bankruptcy, copies of which are attached to this Consultation Agreement.

Dated: _November 21, 2005_

_John R. McGlenn_
Attorney

_John S. Nickerson_
Client:

_Virginia E. Nickerson_
Client:

W.D.N.Y. - ROCHESTER
U.S. BANKRUPTCY COURT
2006 MAR 15 AM 10: 14
FILED

## Notice to Clients Who Contemplate Filing Bankruptcy

The purposes of this Notice and The Statement Mandated by Section *527(b)* of the Bankruptcy Code, which you have been provided as a separate document are to make you aware of some of your obligations should you file bankruptcy.

You are notified as follows:

1.  All information that you are required to provide with your bankruptcy petition and thereafter in your case is required to be complete, accurate, and truthful.

2.  All your assets and all your liabilities are required to be completely and accurately disclosed in the documents filed to commence your case.

3.  The value of each asset which is secured by a lien on such asset must be stated as the replacement value of such asset after reasonable inquiry to establish such value. The replacement value means the replacement value as of the date of the filing of the bankruptcy petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value means the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

4.  After reasonable inquiry you are required to state your current monthly income.

5.  After reasonable inquiry you are required to state the amounts set out in section 707(b)(2) of the Bankruptcy Code.

6.  In a case under Chapter 13, after reasonable inquiry, you are required to state your disposable income determined in accordance with section 707(b)(2) of the Bankruptcy Code.

7.  Information that you provide during your case may be audited pursuant to the provisions of the Bankruptcy Code. Your failure to provide information may result in dismissal of your case or other sanctions, including criminal sanctions.

## Statement Mandated by Section 527 (b) of the Bankruptcy Code

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules, and Statement of Financial Affairs, as well as in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of creditors where you may be questioned by a court official called a 'trustee' and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than Chapter 7 or Chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

# Instructions On Providing Information Required By Bankruptcy Law

You are required to provide certain information to the court when you file bankruptcy. It is our obligation to make diligent inquiry of you so as to obtain information to include in your bankruptcy petition. I have provided forms designed to obtain the necessary information. Please carefully read and follow these instructions. Put your initials next to each instruction.

JSN  1. READ AND FILL OUT THE FORMS COMPLETELY, ACCURATELY, AND NEATLY.

JSN  2. DO NOT LEAVE BLANKS. If a particular blank does not apply to you, put "N/A" in the blank. By doing so we will know that you did not mistakenly overlook it.

JSN  3. List ALL your property.

JSN  4. List all your debts:
>
> a) You must list debts that will not be discharged, such as student loans and child support;
> b) You must list debts that you intend to pay;
> c) You must list debts that you cosigned for someone else or that someone else cosigned for you;
> d) You must list debts to family members.

JSN  5. Attach additional sheets if you do not have sufficient space to include all the information.

JSN  6. In determining the amount you owe each creditor, list the amount on your most current statement or correspondence from the creditor. In rare cases your ability to file Chapter 7 may depend on how much debt you owe. In those cases, we will assist you in determining how much you owe each creditor.

JSN  7. If a creditor is still communicating with you, use the address supplied by the creditor in at least two communications over the last 90 days. Do not use the address to which you send payments. Use the correspondence address. Keep all mailings from your creditor, so we can keep up with any changes in the creditors' addresses and prove, if necessary, we used the appropriate addresses.

JSN  8. List the account number, if any, for each debt.

**Debt Counseling Requirement** You are not eligible to file a bankruptcy unless you receive an individual or group briefing from an approved nonprofit budget and counseling agency. That briefing must outline your opportunities for available credit counseling and assist you in performing a related budget analysis. It must occur within 180 days prior to filing the bankruptcy. It can take place on the internet or by telephone. If you have not yet received the counseling and you want our assistance, we will help you make the arrangements for it.

1

In addition to the information set out in these forms, we must file the following documents of information with your petition, or when specified, while your case is pending:

1. Copies of all pay stubs, payment advices, or other evidence of payment received within 60 days before the date of filing of the petition by you from any employer;

2. A statement of the amount of monthly net income itemized to show how the amount is calculated;

3. A statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition;

4. A certificate from an approved nonprofit budget and credit counseling agency describing the individual or group briefing received by you, and if you developed a debt repayment plan as a result of the briefing, a copy of the plan;

5. A record of any interest you have in an educational individual retirement account or under a qualified state tuition program;

6. A copy of your federal income tax return, or a transcript of the return, for the most recent year ending immediately before we file your case and for which you filed the return;

7. If the court, the United States Trustee, or any other party to your case requests it, you must file with the court:

    a. A copy of each federal income tax return, or transcript of the return, required for each year while your case is pending at the same time filed with the IRS;

    b. A copy of each required federal income tax return that had not been filed with the IRS when your case is filed and that you subsequently file for any tax year for the three years preceding the date we file your case;

    c. A copy of each amendment to any federal income tax return or a transcript of each amendment filed with the court pursuant to paragraphs (a) and (b);

8. In a Chapter 13 case at certain intervals in your case, you must provide a statement, under penalty of perjury, of your income and expenditures during the previous tax year, and of your monthly income. The statement must show how income, expenditure, and monthly income are calculated;

   The statement set out above must disclose the amount and services of your income, the identity of any person responsible with you for the support of your dependents, and the identity of any person who contributes to the household in which you reside;

9. A document that establishes your identity, including a driver's license, passport, or such other document containing your photograph, or such other personal identification establishing your identity.

2

# Contract For Chapter 7 Bankruptcy Services

This agreement is executed this _27th_ day of _JANUARY_____, 200 _6,_ by and between _JOHN R MC GLENN_____ (hereinafter the "Attorney") and _JOHN S NICKERSON AND VIRGINIA E NICKERSON_____ (hereinafter "Client", whether one or more). The parties agree as follows:

## 1. Type of Bankruptcy

Client retains attorney to file a Chapter 7 bankruptcy. If the Client determines at a later date that the Client desires to file a Chapter 13 bankruptcy, the parties shall execute a new fee contract setting forth the terms of such representation.

## 2. Services Provided by Attorney

Contingent upon being paid for the services as specified below, the Attorney shall provide the following legal services for the Client:

1. Analysis of Client's eligibility for a Chapter 7 discharge under the "means test;"
2. Preparation and filing a petition, statement of affairs, statement of intention, and schedules;
3. Attendance at all meetings of creditors;
4. Preparation and filing of any pleadings required to reaffirm a debt;
5. Attendance at any hearing on valuation of any asset;
6. Attendance at any hearing on a motion seeking termination or modification of the bankruptcy stay;
7. Preparing and filing §522(f) and/or abandonment motions; and
8. Attendance at any discharge hearing, if required.

## 3. Fees

The base Attorney's fee for the filing of the bankruptcy is $ _800.00_
The Court's filing fee is $274.00. This fee is collected by the Attorney.
The total amount to be collected by the Attorney for the bankruptcy (Attorney fee + Court fee) is $ _1,074.00_ .
The fee is based on the following assumptions:

a) Client has provided attorney with complete and accurate information; and
b) Client will pay the fee in a reasonable amount of time, but no later than 90 days from this date, or the date a petition is filed on behalf of the Client, whichever is sooner.

U.S. BANKRUPTCY COURT
W.D.N.Y. - ROCHESTER
2006 MAR 15 AM 10: 14
FILED

If either of the assumptions set out above are inaccurate, and as a result, the amount of legal services to be provided by the Attorney and/or his staff is increased, the fee shall be increased accordingly to compensate the Attorney for the additional time and expense in providing the legal services.

### 4. Additional Fees to Third Parties

    a) If appraisals of any of the Client's assets are required, the Client assumes all obligations and fees for obtaining such appraisals. Such fees are to be paid by the Client directly to the person or entity providing the appraisal service.

    b) Fees for the mandatory credit counseling and financial education are to be paid by the Client directly to the provider of those services, unless otherwise agreed to by the Attorney and Client in writing.

### 5. Terms of Payment

    a) The fees shall be paid in full prior to the filing of the bankruptcy.

    b) If the Client decides not to file bankruptcy after the Attorney has commenced work for the Client, the following terms shall apply:

        1) The Attorney will charge an hourly rate of $200 per hour for work performed for the Client;

        2) The Client shall receive a statement from the Attorney indicating the work performed and the time spent on such work;

        3) The amount due will then be subtracted from any monies that the Client has paid the Attorney and any remaining monies shall be returned to the Client;

        4) There is no charge for the initial consultation.

### 6. Services Provided Under the Base Fee

All of the services set forth in Paragraph 2 of this Contract shall be provided under the base fee.

### 7. Services Not Provided Under the Base Fee

The services set out below are _not_ provided under the base fee. If the Attorney provides these services, compensation shall be as provided in paragraph 8. These services are as follows:

    a) Adversary proceedings, which are contested matters or lawsuits brought against the Client during the bankruptcy proceedings.

    b) Providing credit counseling and financial education as mandated under the Bankruptcy Abuse and Consumer Protection Act of 2005. The Attorney does not provide these services.

c) Credit repair following the bankruptcy, such as having debts (discharged or otherwise) removed from the Client's credit report. The Attorney does not provide these services.

d) Any service not specifically set forth in Paragraph 2 of this contract.

## 8. Compensation for Services Not Covered Under Base Fee

a) The Client shall compensate the Attorney for these services as follows: The Attorney's fee for representation of the Client in an Adversary Proceeding is $200.00 per hour, unless otherwise agreed to in writing.

b) Fees for these services shall be paid as follows: The Attorney may require an initial retainer fee in an amount that the Attorney deems appropriate under the circumstances based on the Attorney's estimate of the time commitment involved in such representation.

c) The Client understands that if the Client does not pay the fees as set out above, the Attorney has no obligation to provide the services, and has the right to file a motion to withdraw as the attorney for the Client in this case or in an adversary proceeding.

## 9. Client's Obligations

The Client's Obligations are as follows:

a) To pay the fees as set out above;

b) To provide <u>accurately</u> and <u>honestly</u> all the information necessary to prepare and file the chapter 7 bankruptcy;

c) To keep the Attorney advised at all times of the Client's address and telephone numbers;

d) To attend the 341 Creditors Meeting and any other hearings set in the case;

e) To provide any information requested of the Client by the Chapter 7 trustee, the U.S. Trustee, or any other party in the case, unless the Court rules that the Client is not required to provide the information;

f) To respond immediately to any requests of the Client by the Attorney or the Attorney's staff.

Date  1/27/06

By _John R McGlenn_
(Attorney)

Date  1/30/06

_John S. Nickerson_
Client

_Virginia E. Nickerson_
Client

# UNITED STATES BANKRUPTCY COURT
### Western District of New York

# NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. <u>Services Available from Credit Counseling Agencies</u>

With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis. The briefing must be given within 180 days <u>before</u> the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses.

## 2. <u>The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors</u>

**Chapter 7:  Liquidation ($220 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $274)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($150 filing fee, $39 administrative fee: Total fee $189)**

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 4.0-0455 - 30393

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

Bankruptcy2005 ©1991-2005, New Hope Software, Inc., ver. 4.1.0-655 - 20393

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| | |
|---|---|
| Printed Name and title, if any, of Bankruptcy Petition Preparer | Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

Address:

X_____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

John S. Nickerson    Virginia E. Nickerson       X John S. Nickerson       1/30/06
Printed Name(s) of Debtor(s)                      Signature of Debtor    Date

                                                  X Virginia E. Nickerson  1/30/06
Case No. (if known) _____               Signature of Joint Debtor (if any)  Date

**Sears Premier Card**
**P. O. Box 182149**
**Columbus, OH 43218-2149**


**HSBC Platinum Mastercard**
**HSBC Card Services**
**P. O. Box 17332**
**Baltimore, MD 21297-1332**


**Chase Cardmember**
**P. O. Box 15153**
**Wilmington, DE 19886-5153**


**TCM/Chemung Canal Trust Company**
**Mastercard**
**P. O. Box 31481**
**Tampa, Florida 33631-3481**


**HSBC Select Credit**
**HSBC Bank USA**
**P. O. Box 17332**
**Baltimore, MD 21297-1332**


**G M Card**
**Cardmember Services**
**P. O. Box 37281**
**Baltimore, MD 21297-3281**


**Sears Gold Mastercard**
**P. O. Box 182156**
**Columbus, OH 43218-2156**


**BonTon Card**
**Retail Services**
**P. O. Box 17264**
**Baltimore, MD 21297-1264**


**Kaufmann's**
**P. O. Box 94934**
**Cleveland, OH 44101-4934**